In the Matter of FLOYD M. KYES, Petitioner, against HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— This is a proceeding under article 78 of the Civil Practice Act. By it petitioner reviews a determination of the respondent Commissioner which, under date of August 24, 1940, denied petitioner's application for a milk dealer's license for the statutory, licensed period ending March 31, 1941. Petitioner applied for a milk dealer's license on February 7, 1940. That application was denied on the ground that petitioner had been selling milk in Cortland and Groton at retail to consumers without a milk license in violation of section 257 of the Agriculture and Markets Law. It is not disputed that petitioner had sold and delivered milk in the localities named without a license and without a permit from the local health authorities. The fact that he was so engaged justified the Commissioner's decision (Agriculture and Markets Law, § 258-c, subd. k). The Commissioner also determined that petitioner had built and equipped his milk plant without first obtaining approval as required by official order No. 110. The petitioner's principal point is that section 258-c of the Agriculture and Markets Law which permits the commissioner to deny an application unless he is satisfied "that the issuance of the license will not tend to a destructive competition in a market already adequately served, and that the issuance of the license is in the public interest" is an unconstitutional delegation of legislative power. It is conceded that petitioner has been selling

milk in Cortland and Groton since 1934 without any permit. In view of that fact we need not consider the constitutional objection raised by petitioner. The proof sustains the Commissioner's determination which is confirmed, without costs. Determination confirmed, without costs. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Brewster, J., taking no part.